UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMSTRONG STEAMSHIP COMPANY,

    Plaintiff/Counter-Defendant,

v.

IDA BATAIN,

    Defendant/Counter-Plaintiff.

_____/

No. 20-11486

Hon. Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION [4]**

Plaintiff Armstrong Steamship Company filed suit against Defendant Ida Batain, seeking a declaration that Defendant is not entitled to maintenance and cure benefits under the general maritime law of the United States. The matter is now before the Court on Plaintiff's motion for a preliminary injunction. (ECF No. 4.) Defendant has not responded to the motion. The Court finds that the facts and legal arguments are adequately presented in the motion and brief and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be resolved as submitted. For the reasons discussed below, the Court DENIES Plaintiff's motion for a preliminary injunction.

**I.**    **Background**

The following allegations are set forth in Plaintiff's verified complaint. (ECF No. 1.) On January 2, 2019, Defendant was serving as an Assistant Steward abroad a Great Lakes freighter, which is owned and operated by Plaintiff, when she reported

1

having pain in her right arm. Defendant departed the vessel the next day and has not returned to work since.

Defendant was employed pursuant to the terms of collective bargaining agreement between Plaintiff and the Seafarers International Union. Accordingly, Plaintiff began paying Defendant maintenance benefits at a rate of $40 per day. Plaintiff made payments for one week, until January 10, 2019, for a total of $280. On January 14, 2019, Plaintiff informed Defendant that in order to determine whether she was entitled to any further maintenance and cure benefits, she was required to provide medical documentation. (ECF No. 1-1.) Plaintiff also sent Defendant a check in the amount of $213.25, reimbursing her for travel and meal expenses she incurred when she departed the vessel. Because Defendant and her physicians did not submit any medical documentation in response to Plaintiff's request, Plaintiff suspended the payment of further maintenance and cure benefits to Defendant.

On March 1, 2019, Plaintiff received a letter sent on behalf of Defendant. The letter stated that Defendant was injured while in the service of her ship and had not received any maintenance payments. (ECF No. 1-2.) She demanded payment of those benefits in the amount of $45 per day. Plaintiff responded, requesting in part that Defendant explain the basis for the claim that she was entitled to benefits at this rate, which Plaintiff alleges is in excess of the rate set forth in the collective bargaining agreement, as well as that she provide medical documentation as previously requested. (ECF No. 1-3.)

On October 7, 2019, Plaintiff received medical records from Defendant, which indicated in part that she had undergone a cervical fusion in October 2018 and had

been involved in a motor vehicle accident in December 2018 in which she apparently sustained a cervical spine injury.  Defendant also underwent a MRI of the cervical spine that month.  Medical records also indicated that a physician recommended an additional surgical procedure of the cervical spine in March 2019 and that these symptoms were present since the December 2018 motor vehicle accident.  Plaintiff avers that the first documented indication of any workplace injury were from records dated June 2019, when the same physician recommended a lumbar fusion surgery due to low back pain that was allegedly a result of an injury in January 2019 that took place abroad an offshore ship while twisting and holding a heavy pan of meat.

Plaintiff argues that Defendant is not entitled to maintenance and cure benefits because her injury did not arise while she was in the service of her vessel and also because she concealed material information—her previous injury and the motor vehicle accident—from her pre-employment medical screening questionnaire.  Defendant has filed a counterclaim against Plaintiff for negligence, alleging she was injured on board the ship when a 20-pound frozen corned beef brisket fell on her.  (ECF No. 7.)

## II.     Legal Standard

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "The purpose of a preliminary injunction is merely to preserve the status quo until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).  The Sixth Circuit has held that a court must consider the

following four factors when deciding whether to issue a preliminary injunction: "1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits. 2. Whether the movant has shown irreparable injury. 3. Whether the preliminary injunction could harm third parties. 4. Whether the public interest would be served by issuing the preliminary injunction." *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir 1985) (internal quotation marks and citation omitted). These are "factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

### III.   Analysis

Plaintiff requests that the Court enter a preliminary injunction declaring that Defendant is not entitled to maintenance and cure benefits under the general maritime law of the United States. Plaintiff avers that injunctive relief is necessary "to avoid the irreparable harm presented by providing [Defendant] with maintenance and cure benefits to which she is not legally entitled" and "to avoid the specter of punitive damages arising from [Plaintiff] not paying maintenance and cure benefits." (ECF No. 4, PgID 38.)

Plaintiff notes that while the general maritime law of the United States provides for the payment of maintenance and cure benefits to a seawoman who falls ill or becomes injured in the service of his vessel, a seawoman is not entitled to those benefits if she intentionally misrepresents or conceals material medical facts in a pre-hiring medical examination or interview. *See West v. Midland Enters., Inc.*, 227 F.3d 613, 617 (6th Cir. 2000). Plaintiff relies on the allegations in its verified complaint to argue that because Defendant misrepresented or concealed material facts regarding

her health in her pre-employment medical screening questionnaire, she is not entitled to maintenance and cure benefits. Even if this were sufficient to establish Plaintiff has a strong likelihood of success on the merits, the Court finds that Plaintiff has not met its burden of proving it is entitled to the extraordinary remedy of a preliminary injunction. Because Plaintiff is no longer paying Defendant benefits, a preliminary injunction is not necessary to prevent Plaintiff from undergoing irreparable injury before a decision on the merits can be rendered. For the same reason, the public interest does not weigh in favor of granting Plaintiff's motion. Nor is the possibility that Defendant may be awarded punitive damages in the future a sufficient basis for granting Plaintiff the relief it seeks. A preliminary injunction "is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Because Plaintiff is not facing any irreparable loss of rights, a preliminary injunction is not needed. Thus, even though there is no evidence that an injunction would cause substantial harm to others, the Court denies Plaintiff's motion for a preliminary injunction.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 23, 2020, by electronic and/or ordinary mail.

            s/Lisa Bartlett
            Case Manager